NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2014
Decided February 21, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3077

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3-13-cr-30033-DRH-1 |
| | |
| JARED R. HENRY | David R. Herndon, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Police in Alton, Illinois, had an outstanding arrest warrant for Jared Henry. When they received an anonymous tip that he was selling drugs at his home, they went there to investigate. Henry heard the officers knocking on the door and told his girlfriend not to open it until he had flushed his cocaine down the toilet. After his girlfriend let them inside, the officers spotted Henry in his bedroom surrounded by ammunition, and arrested him. They recovered five firearms, all belonging to Henry, including one that was stolen and two with loaded, large-capacity magazines. Henry pleaded guilty to posession of a firearm by a felon, 18 U.S.C. § 922(g)(1). The district court calculated a guidelines imprisonment range of 57 to 71 months, and sentenced him to 65 months to be followed by 3 years of supervised release. Henry filed a notice of

appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Henry has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate submission. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel explains that Henry does not wish to challenge his guilty plea. Thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first considers whether Henry could argue that the district court abused its discretion by imposing a special condition of supervised release authorizing probation officers to conduct warrantless searches of his "[p]erson, residence, real property, place of business, vehicle, or any other property under his control" if there is reasonable suspicion of finding contraband or evidence that he is violating any condition of release. District courts have authority to impose special conditions not explicitly mandated by statute, 18 U.S.C. §§ 3553(a), 3583(d), but those conditions must reasonably relate to the nature and circumstances of the defendant's offenses and his history and characteristics, and they must not infringe the defendant's liberty more than reasonably necessary to deter, and protect the public from, future crimes. *See id.* §§ 3553(a), 3583(c), (d); U.S.S.G. § 5D1.3(b); *United States v. Monteiro*, 270 F.3d 465, 468–69 (7th Cir. 2001).

Requiring a defendant to submit to warrantless searches as a condition of release is permissible, *see United States v. Knights*, 534 U.S. 112, 121–22 (2001); *Griffin v. Wisconsin*, 483 U.S. 868, 874–76 (1987), and on this record we agree with counsel's conclusion that a challenge to the search condition imposed on Henry would be frivolous. The district court based that condition on Henry's previous convictions for forgery and unlawful possession of controlled substances and firearms, and his long history of drug use. *See Monteiro*, 270 F.3d at 469–71 (concluding that district court acted within its discretion by imposing search condition based on defendant's conviction for, and history of, fraud). And a search of Henry's home had uncovered the firearms underlying his federal conviction. *See id.* at 469 (reasoning that warrantless-search condition related to goals of rehabilitation and protection since search had uncovered evidence of crime of conviction). Thus the special condition is reasonably related to his offense. *See id.* at 469–71; *United States v. Kingsley*, 241 F.3d 828, 837 (6th Cir. 2001) (upholding search condition based on appellant's history with drugs, firearms, and

other criminal activity). Moreover, the search condition is no broader than necessary because it allows probation officers to search only the obvious places that Henry could hide contraband. The court determined that Henry had a criminal lifestyle, had been selling drugs for many years, was using guns to protect his business, and had attempted to hide cocaine when police arrived at his home. The court thus acted within its discretion to conclude that Henry might hide contraband or evidence of contraband sales in his home, office, or other personal property. *See Monteiro*, 270 F.3d at 470; *Kingsley*, 241 F.3d at 837.

Counsel also evaluates whether Henry could argue that his prison sentence is unreasonably long and concludes that this potential claim would be frivolous. We agree. The overall term is within the guidelines range and is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Smith*, 721 F.3d 904, 906 (7th Cir. 2013). Nothing in the record warrants an exception to that presumption. The district court considered the sentencing factors in 18 U.S.C. § 3553(a), noting that almost none of Henry's lengthy criminal history counted toward his criminal history score, that he had been selling drugs for years in lieu of legitimate employment, and that he previously had violated the terms of his state probation. The judge also noted that Henry had disposed of his cocaine when the police arrived at his door. On the other hand, the judge acknowledged that Henry's last conviction was long ago, and that the guidelines account for most of the circumstances surrounding his federal gun offense. *See id.* § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C). This was an adequate explanation for the within-guidelines sentence.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.